**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-7477**

---

BRIAN LEON HAMLET,

Plaintiff - Appellant,

v.

DOUG A. IRVIN; VANNESSA DUNCAN; TRAVIS CASSELL,

Defendants - Appellees.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, Chief District Judge.  (7:20-cv-00013-MFU-JCH)

---

Submitted:  May 8, 2023                        Decided:  May 16, 2023

---

Before AGEE and WYNN, Circuit Judges, and MOTZ, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

Brian Leon Hamlet, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Leon Hamlet appeals the district court's order dismissing his 42 U.S.C. § 1983 complaint under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1); *Heck v. Humphrey*, 512 U.S. 477 (1994), for failure to state a claim, and denying Defendants' motion for summary judgment as moot. In his complaint, Hamlet challenged the constitutionality of a probation condition requiring him to submit to electronic monitoring by wearing a Global Positioning System (GPS) device, which was allegedly imposed by the Defendants in a previous period of supervised probation. As noted by the district court, Hamlet asserted that *Heck* did not bar his claims; and Defendants did not dispute the assertion in their motion for summary judgment. But, the district court sua sponte raised the issue and dismissed the complaint.

We have reviewed the record and conclude that the district court erred in dismissing Hamlet's complaint. The rule in *Heck v. Humphrey* does not implicate the district court's subject matter jurisdiction; and Defendants forfeited the issue. *See Carolina Youth Action Project v. Wilson*, 60 F.4th 770, 788 n.14 (4th Cir. 2023); *see also Thornton v. Brown*, 757 F.3d 834, 843-46 (9th Cir. 2013) (where plaintiff challenged parole conditions, including GPS monitoring, which were not imposed as part of a court judgment but rather through a discretionary decision of a state department of corrections, *Heck* did not bar him from proceeding under § 1983). We further conclude, under the circumstances of this case, the district court should consider Defendants' motion and Hamlet's response before deciding whether Hamlet states a claim on which relief may be granted under § 1983.

Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal

2

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*VACATED AND REMANDED*